IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY JOE DAVIS, #05100183, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1141-N |
| | ) | ECF |
| D. CONN, Parole Officer, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a county inmate pursuant to 42 U.S.C. § 1983.[1]

Parties: Plaintiff is confined at the Dallas County Jail in Dallas, Texas. Defendants are Parole Officers D. Conn, J. McCoy, and H. Morris. The Court did not issue process, pending preliminary screening. On June 28, 2007, the Court issued a questionnaire to Plaintiff who filed his answers on July 5, 2007.

Statement of Case: The complaint, as supplemented by the answers to the questionnaire, challenges the revocation of Plaintiff's parole on December 22, 2006. Plaintiff alleges that his parole was improperly revoked on the basis of cause number F05-60532, which was dismissed

---

[1] Since Plaintiff's complaint is tantamount to a request for habeas corpus relief, the filing fee provisions of the Prison Litigation Reform Act do not apply to this case. *See* 28 U.S.C. § 1915(b).

by the trial judge on November 28, 2006. He requests that his parole be reinstated. (Complaint at 3-4 and Answer to Questions 1-4).

Findings and Conclusions: Since Plaintiff only seeks to overturn his parole revocation, the Court must decide whether Plaintiff should pursue such a matter in a habeas corpus action or whether he can bring it in a civil rights action pursuant to 42 U.S.C. § 1983.

The United States Court of Appeals for the Fifth Circuit has held that "any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under Section 1983." *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983); *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same). This holding is based on the Supreme Court's opinion of *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973), which concluded that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement." *See also Hill v. McDonough*, ___ U.S. ___, 126 S. Ct. 2096, 2101 (2006) *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989). The label a plaintiff places upon the action does not dictate how the court handles the action. *Jackson*, 720 F.2d at 879. Therefore, even though Plaintiff seeks relief in the form of a § 1983 action, the Court finds it clear that the nature of his claims, which seek to undermine his

parole revocation, and thus his current confinement, is that of a request for habeas relief.

Prior to pursuing a request for habeas corpus relief in federal court, an inmate is required to exhaust all of his available state court remedies. *See* 28 U.S.C. § 2254(b); *Preiser*, 411 U.S. at 491; *McGrew v. Bd. of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir. 1995) (the exhaustion requirement applies to parole revocation proceedings). Petitioner concedes that he did not file a state application for writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2007).

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice to Plaintiff's claims being reasserted in a habeas corpus action pursuant to 28 U.S.C. § 2254, after exhaustion of state court remedies.[2]

A copy of this recommendation will be mailed to Plaintiff.

Signed this 2nd day of August, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir.

---

[2] The Court cautions Petitioner that the 1996 amendment to the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to any habeas petition that Petitioner may file in this Court.

3

1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.